## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| TONYA T. COLVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-746–HEH |
| | ) | |
| ELLEN MARIE HESS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

THIS MATTER is before the Court on Defendants Ellen Marie Hess and Mark R.

Herring's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint filed on

December 29, 2021. (ECF No. 8.) In an Order entered on December 8, 2021, the Court

granted Plaintiff Tonya Colvin's (*pro se* "Plaintiff") Application to Proceed *in forma*

*pauperis* (ECF No. 2), and Plaintiff subsequently filed her Complaint alleging that the

Virginia Employment Commission ("VEC") is withholding her benefits and seeking

$15,000 in damages (Compl. at 4, ECF No. 3). Defendants now seek to dismiss

Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim for

which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6), respectively. Defendants properly served Plaintiff with notice of her right to

file a response to the Motion to Dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975), and Plaintiff filed a timely response on January 7, 2022 (ECF No. 10).

The Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claim and,

therefore, Rule 12(b)(1) guides its analysis here.  For the reasons that follow, the Court will grant Defendants' Motion to Dismiss and dismiss the Complaint with prejudice.

It is well established that district courts must liberally construe a pro se litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.*  Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).  As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

As in all cases, the Court must first determine if it has subject matter jurisdiction to hear a complaint filed *in forma pauperis*. *See Trazell v. Arlington Cty.*, 811 F. App'x 857, 858 (4th Cir. 2020) (considering whether jurisdiction existed to hear an *in forma pauperis* action).  A court must dismiss an action whenever it finds that subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Generally, subject matter jurisdiction exists where the well pleaded complaint raises a federal question under 28 U.S.C. § 1331 or the parties meet the diversity and amount in controversy requirements under 28 U.S.C. § 1332.  However, the nature of a claim, particularly claims that require exhaustion of state administrative and judicial remedies, may also limit a federal court's ability to exercise subject matter

2

jurisdiction. *See Staudner v. Robinson Aviation, Inc.*, 910 F.3d 141, 146–47 (4th Cir. 2018) (acknowledging exhaustion requirement may be viewed as a jurisdictional bar).

Plaintiff is seeking $15,000 and alleges that she was a party to another case, which this Court presumes is *Cox v. Hess*, No. 3:21cv253 (E.D. Va. dismissed Jan. 6, 2022)[1], in which the Court ordered the VEC to settle "all claims" by "September 17, 2021." (Pl.'s Resp., ECF No. 10.)   Defendants respond that Plaintiff was not a named party to that case, this Court lacks subject matter jurisdiction, and Plaintiff fails to state a claim for which relief may be granted. (Defs.' Mem. Supp. at 1, ECF No. 9.)

Consistent with the well established principles of federal jurisdiction outlined above, this Court clearly lacks subject matter jurisdiction over Plaintiff's case.  Even a liberal reading of Plaintiff's Complaint fails to identify any basis for federal subject matter jurisdiction.  Plaintiff merely alleges that she is part of another case that settled and asks this Court to order that the VEC release her benefits.  (Compl. at 4.)  She does not cite a violation of any federal law, statute, or constitutional right giving rise to a federal question.  Additionally, Plaintiff alleges no basis for diversity jurisdiction.  The parties are not diverse—both Plaintiff and the VEC are Virginia citizens—and Plaintiff fails to allege a monetary injury that exceeds the $75,000 amount in controversy requirement.  (*Id.*)

---

[1] *Cox* is the initial case filed before this Court against Ellen Marie Hess in her official capacity as Commissioner of the VEC.  The Complaint was titled as a "Class Action Complaint" but the class was never certified, thus, this case was never a class action.  Consequently, because Plaintiff was not a named Plaintiff in *Cox*, she was not a party to that action and no order in that case required the VEC to resolve Plaintiff's benefits claim specifically.

Furthermore, based on Plaintiff's allegation that she is still owed payments, this Court may not exercise subject matter jurisdiction over an appeal of the VEC's benefits determination. Title 60.2 of the Code of Virginia creates a detailed, mandatory process for appealing determinations by the VEC. The claimant, if she so chooses, must appeal the VEC's initial determination within thirty days to an appeal tribunal appointed by the Commissioner that "shall affirm, set aside, reverse, modify, or alter" the initial determination. Va. Code Ann. § 60.2-620(A). Then, the Commission may, on its own authority or following the claimant's filing of an appeal within thirty days, "affirm, modify, or set aside any decision of an appeal tribunal." *Id.* § 60.2-622(A). The claimant may only seek judicial review in the state circuit court in which she was last employed *after* the Commission's final determination. *Id.* § 60.2-625(A). Then, if she so chooses, the claimant must appeal a decision by the state circuit court to the Virginia Court of Appeals. *Id.*

Conspicuously absent from Plaintiff's Complaint is any allegation that she has exhausted her state administrative and judicial remedies. Attached to her Complaint is an email from a VEC Claims Specialist who informed Plaintiff that as of September 14, 2021, her claim was being reviewed. (ECF No. 3-1.) Plaintiff affirmed that she initially received payments, however, the payments stopped, and her claim remains pending. (Pl.'s Resp., ECF No. 10.) However, this does not demonstrate that Plaintiff has exhausted her state administrative or judicial remedies.

Courts in this district have been unanimous in their refusal to grant subject matter jurisdiction in similar cases. *See Collins v. Hess*, No. 1:21-cv-750, 2021 WL 3163615, at

*2 (E.D. Va. June 23, 2021) ("Only after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county or city in which the individual who filed the claim was last employed'—not in federal court.") (quoting Va. Code Ann. § 60.2-625(A)); *Wilson v. Loancare, LLC*, No. 2:18-cv-466, 2018 WL 8804469, at *2 (E.D. Va. Sept. 21, 2018); *Feliciano v. Reger Grp.*, No. 1:14-cv-1670, 2015 WL 1539617, at *7 (E.D. Va. Apr. 7, 2015). This Court is a federal district court with limited jurisdiction, *not* a Virginia circuit court, and has no authority to hear an appeal of the VEC's benefits determination. Plaintiff must file her claim in the appropriate body granted authority to review the VEC's determination.

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 8) will be granted and Plaintiff's complaint will be dismissed with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: January 12, 2022
Richmond, Virginia

5